UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| JOSHUA TYRONE LANE, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. G-11-215 |
| § | |
| RICK THALER, § | |
| § | |
| Respondent. § | |

## MEMORANDUM AND ORDER OF DISMISSAL

Petitioner Joshua Tyrone Lane (TDCJ #1510890), has filed a Petition for a Writ of Habeas Corpus (Doc.# 1) under 28 U.S.C.§2254, challenging his state court felony conviction of murder. On June 21, 2011, Lane was ordered to show cause, if any, why this Court should not dismiss his application as time-barred under 28 U.S.C.§2244(d). Lane filed a response to the show cause order. (Doc. #8). The Court has carefully reviewed Lane's response to the show cause order and finds it to be without merit. For the reasons explained below, the Court will dismiss the petition pursuant to 28 U.S.C.§2244(d) because it is barred by limitations.

I.  **Procedural History**

Lane challenges the Director's custody of him pursuant to a judgment and sentence of the 300th District Court of Brazoria County, Texas. Lane was charged by indictment with the offense of murder and was convicted on April 14, 2008. The First Court of Appeals of Texas affirmed the conviction on October 22, 2009. *Lane v. State*, No. 1-08-00460-CR (Tex. App. — Houston [1st Dist.]). Lane requested, and was granted, an extension of time until January 22, 2010, to file a petition for discretionary review (PDF). Lane did not file his PDR until April 7, 2010. The PDR was refused by the Texas Court of Criminal Appeals (TCCA) on May 5, 2010. *See* http://www.cca.courts.state.tx.us/opinions/casesearch.asp.

1

On March 21, 2011, Lane filed a state habeas application, which was denied without written order by the TCCA on March 30, 2011. The instant federal petition was filed on April 25, 2011.

## II.     One-Year Statute of Limitations

Under the AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d)(1)-(2), which provides as follows:

> (d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). Because Lane's petition was

filed well after that date, the one-year limitations period applies to his claims. *See Flanagan*, 154 F.3d at 198.

Lane's challenge to his conviction became final on January 22, 2010, the date that his petition for discretionary review was due. Absent any tolling, the one-year limitations period for filing a federal petition expired on January 22, 2011. *Flanagan*, 154 F.3d at 202. The instant federal petition was filed on April 25, 2011, three months past the limitations deadline.

Although a timely filed state writ of habeas corpus will toll the federal limitations period, 28 U.S.C. § 2244(d)(2), Lane's state application was not filed until March 21, 2011, after the deadline for filing a federal application had passed. The state writ application therefore had no tolling effect. A review of Lane's response to the show cause order reveals no showing of a newly recognized constitutional right upon which the petition is based, nor is there a factual predicate for the claims that could not have been discovered previously. 28 U.S.C. § 2244(d)(1)(C),(D). Absent equitable tolling, Lane's claims are time-barred.

Equitable tolling is an extraordinary remedy that, if available, is only sparingly applied. *See Irwin v. Dep't of Vet. Affairs,* 498 U.S. 89, 96 (1990). The Fifth Circuit has opined that the AEDPA statute of limitations may be equitably tolled at the district court's discretion only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000). In that respect, the Fifth Circuit has limited the doctrine of equitable tolling to apply "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

Thus, a "'garden variety of excusable neglect'" does not support equitable tolling.  *Coleman*, 184 F.3d at 402 (quoting *Rashidi*, 96 F.3d at 128).

The Supreme Court has recently elaborated that district courts have no authority to create "equitable exceptions" to statutory time limitations.  *See Bowles v. Russell*, 551 U.S. 205 (2007).  Assuming that the AEDPA allows it, the Supreme Court has observed, nevertheless, that a habeas corpus petitioner is not entitled to equitable tolling unless he establishes "(1) that he has been pursuing his rights diligently, and (2) 'that some extraordinary circumstance stood in his way' and prevented timely filing."  *Lawrence v. Florida*, 549 U.S. 327 (2007).  The habeas petitioner bears the burden of establishing that equitable tolling is warranted.  *See Howland v. Quarterman*, 507 F.3d 840 (5th Cir. 2007), *cert. denied*, 507 U.S. 1081 (2008).  Lane fails to meet that burden here.  He offers no viable explanation for failing to timely file his petition.

Even though Lane proceeds *pro se* on federal habeas review, this Court is bound to follow Fifth Circuit authority, which makes clear that a prisoner's incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition, and are not grounds for equitable tolling.  *See Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2003).  The Court is mindful of the effect a dismissal will have on the petitioner's ability to have his claims heard by a federal court.  However, the Fifth Circuit has emphasized that the "strict one-year limitations period" imposed by Congress for the filing of all habeas corpus petitions is "subject only to the narrowest of exceptions."  *Fierro v. Cockrell*, 294 F.3d 674, 684 (5th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003).  No "rare and exceptional" conditions which warrant deviation from the express rules that Congress has provided have been presented.  *See Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir.), *cert. denied*, 531 U.S. 1035 (2000).  Accordingly, equitable tolling will not

save Lane's late-filed claims. The Court therefore concludes that the pending federal habeas corpus petition is barred by the applicable one-year limitations period.

## IV. Conclusion

It is **ORDERED** that Lane's petition for writ of habeas corpus (Doc.# 1) is **DENIED** and this case is **DISMISSED** with prejudice as time-barred under the provisions of 28 U.S.C. § 2244. Any remaining pending motions are denied as moot.

Under the AEDPA, a petitioner must obtain a certificate of appealability ("COA") before he can appeal the district court's decision. 28 U.S.C. § 2253(c)(1). This court will grant a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a substantial showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the Supreme Court made clear in its decision in *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003), a COA is "a jurisdictional prerequisite," and "until a COA has been issued, federal courts of appeals lack jurisdiction to rule on the merits of appeals from the habeas petitioners." When considering a request for a COA, "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Id.* at 325.

Because Lane has not made the necessary showing, this court will not issue a COA.

SIGNED at Houston, Texas this 26th day of July, 2011.

_____
 Kenneth M. Hoyt
 United States District Judge